**Floyd BALDWIN, Appellant,**

v.

**BANKERS & SHIPPERS INSURANCE COMPANY OF NEW YORK,**
Appellee.

No. 13962.

United States Court of Appeals
Ninth Circuit.

May 26, 1955.

Rehearing Denied July 29, 1955.

Edward J. Rice, Jr., Oakland, Cal., for appellant.

Cooley, Crowley & Gaither, Augustus L. Castro, San Francisco, Cal., for appellee.

Before ORR and CHAMBERS, Circuit Judges, and BYRNE, District Judge.

PER CURIAM.

Appellant had stored in a warehouse situate in Redwood City, California, painting equipment and supplies. He carried insurance in the sum of $5,000. The warehouse and certain of the contents were destroyed by fire. Appellant filed a claim for reimbursement under the policy and made a sworn statement of proof of loss wherein he fixed the cash value of the property in the warehouse at $9,053.80 and the damage thereto in the sum of $7,908.80. He stated that the cause of the fire was unknown. Appellee disagreed with the proof of loss, rejected appellant's claim for reimbursement and appellant brought this action for recovery. On this appeal we are confronted with no more than questions of fact found by the trial court adversely to appellant. The findings of the trial court are supported by substantial evidence and are not clearly erroneous. This leaves us with but one course open, that is, to affirm the judgment.

The insurance policy contains the following provision: "Matters Avoiding Policy. This entire policy shall be void: (a) if the insured has concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof; or, (b) in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

██ The trial court found that appellant fraudulently misstated the value of equipment and supplies in the warehouse and the amount of loss. It based its findings on evidence to the effect that a large part of the claimed loss was 800 gallons of paint, much of which, as appellant testified, was under the label of the Premium Paint and Lead Company. A witness testified on behalf of appellee

that in 1946, more than two years before the fire, appellant sold to him substantially all of his stock of Premium Paint and Lead Company paint. Appellant testified that after said sale he bought no more paint from the Premium Paint and Lead Company. He testified that 500 of the 800 gallons were in one-gallon wartime pasteboard containers. These pasteboard containers had metal covers and bottoms. However, the fire inspector who inspected the warehouse after the fire testified that he was unable to find any metal covers or bottoms. Appellant was unable to produce invoices to support the claim of 800 gallons of paint. His 1949 income tax return evidences that he could not have had an inventory of that size in the warehouse. These circumstances provide substantial support for the finding that appellant materially misrepresented the amount of the loss and justifies the conclusion reached by the trial court that the policy was avoided by fraud.

The judgment is affirmed.