**Claud B. MORGAN, Plaintiff,**

v.

**BADGER MUTUAL INSURANCE COMPANY et al., Defendants.**

**Civ. A. No. 965.**

United States District Court
N. D. Florida,
Pensacola Division.

Feb. 29, 1960.

James W. Middleton, Fort Walton Beach, Fla., and Horne & Rhodes, Tallahassee, Fla., by Mallory E. Horne, Tallahassee, Fla., and Jones & Harrell, Pensacola, Fla., by Joe Harrell, Pensacola, Fla., for plaintiff, Morgan.

Yonge, Beggs & Lane, Pensacola, Fla., by E. Dixie Beggs, Pensacola, Fla., and Keen, O'Kelley & Spitz, Tallahassee, Fla., by A. Frank O'Kelley, Tallahassee, Fla., for defendants Badger Mutual and others.

CARSWELL, Chief Judge.

The plaintiff, Morgan, brought action to recover certain proceeds under a policy of fire insurance on business property and merchandise allegedly destroyed in a fire, which property was insured by the defendants Badger Mutual Insurance Company et al. (herein referred to as Badger). The controversy revolves around a provision in the policy with regard to sworn proofs of loss. The plaintiffs submitted to Badger sworn proofs of loss after the fire, in an amount in excess of $95,000, for merchandise alleged to have been destroyed. According to the plaintiff's testimony and that of his brother, a physical inventory was taken after the fire wherein each item of merchandise was counted and a value placed thereon. The sworn proofs of loss, and the answers to written interrogatories further contend that a physical count of the property destroyed was made and that the valuation placed thereon was $95,089.93. This amount, insured claimed, did not include any items of inventory which were so completely destroyed that they could not be traced or identified with certainty. There was no estimate, but an actual physical count of readily identifiable goods, and these alone, were the basis of insured's claim.

At the close of the evidence, Badger moved for a directed verdict, predicated on the ground of the plaintiff's false swearing in the proofs of loss, rendering the policy void. Badger's motion for a directed verdict was denied, and the cause was submitted to the jury for determination of certain facts. Of those facts submitted to the jury, one was the question of whether the plaintiff falsely swore as to the proofs of loss. The jury

was instructed that if they found that the plaintiff falsely swore as to the taking of the inventory and the valuation thereof, that the jury was to return a verdict for Badger. They were further instructed that if they found that the plaintiff did not falsely swear in his proofs of loss, that they were to find for the plaintiff and could assess the amount of the loss at the amount the jury believed was the loss actually sustained by the plaintiff. The Court instructed them that this sum could have been any amount ranging from approximately $12,000 (defendant's lowest estimate of value) to $95,000, amount claimed by plaintiff. The jury in a general verdict returned a verdict in favor of the plaintiff in the amount of $33,000. There was substantial testimony in the trial tending to prove that this was the actual amount of the plaintiff's loss. There was at least some evidence in behalf of plaintiff which precluded a directed verdict for defendant on the issue of false swearing. Badger now moves for a judgment notwithstanding the verdict, grounding its motion on the inconsistency of the jury's verdict to the law applicable to false swearing.

█ 1. It is the general rule of law with respect to sworn proofs of loss, that if such proofs contain false statements, known by the person making them to be false, for the purpose of perpetrating a fraud, the entire policy of insurance will be voided and the person making the fraudulent statement will recover nothing under the policy. This rule, while concededly harsh, is generally made a part of the insurance contract, as it was here, and is generally held to be valid. Its purpose is obviously to insure that the parties will deal fairly and honestly with each other. Chaachou v. American Central Ins. Co., 5 Cir., 1957, 241 F.2d 889; Buffalo Ins. Co. v. Amyx, 10 Cir., 1958, 262 F.2d 898; Cuetara Hermanos v. Royal Exchange Assurance Co., 1 Cir., 1927, 23 F.2d 270; certiorari denied 277 U.S. 590, 48 S.Ct. 437, 72 L.Ed. 1002; Tenore v. American & Foreign Ins. Co. of New York, 7 Cir., 1958, 256 F.2d 791, certiorari denied 358 U.S. 880, 79 S.Ct. 119, 3 L.Ed.2d 110; Baldwin v. Bankers & Shippers Ins. Co. of New York, 9 Cir., 1955, 222 F.2d 953.

█ 2. It is also well established that a mere overestimate of value of goods lost in a fire, error in judgment with respect to fixing a value, mistake, or inadvertence, will not render the insurance contract void. Since reasonable men might differ as to the values they place on certain objects, the severity of the rule voiding policies of insurance would not obtain unless the proof of the false swearing was such that no other conclusion could be drawn. The materiality of the overvaluation with respect to quantity and amount is most certainly indicative of the fraudulent nature of the sworn proofs. Slight exaggerations or immaterial overvaluations conversely would not generally result in the voiding of the insurance policies. Insurance Companies v. Weides, 14 Wall. 375; 81 U.S. 375, 20 L.Ed. 894. See also 20 A.L.R. 1164 and 56 A.L.R. 390.

3. In the case under consideration, the valuation placed on the property lost, and particularly the virtual existence of the property claimed to be owned, was in issue. Badger did not argue so much with the evaluation of individual items as it vigorously challenged the fact that plaintiff lost the specific items as claimed. Its very existence at the time of fire was denied. This was a factual determination which was left for the jury's consideration. The jury in returning a verdict in the amount of $33,000, apparently chose not to believe that the plaintiff owned what he said he owned, and apparently believed the defendant, Badger, as to the valuation of the property and the existence of the property as shown by Badger. In view of such verdict, it is difficult, if not impossible, to say the jury took into consideration the aspect of false swearing so as to preclude plaintiff from recovering anything. It is contended by Badger that the verdict returned by the jury was wholly inconsistent with the evidence and the law, because of the great

variance between the amount claimed by the plaintiff, and the amount which the jury believed to be the just and rightful loss sustained by the plaintiff.

 The Court committed error in allowing the jury latitude to determine for insured any amount between $12,000 and $95,000. There was no objection to this instruction by counsel for either party, although this latitude clearly was inconsistent with settled law. It would defy credibility to accept a verdict for approximately $62,000 less than the amount sworn to have been lost by plaintiff and, then, infer from such verdict that there was no false swearing by plaintiff, but that it was a mere mistake, error in judgment, or inadvertence. This is not an immaterial overvaluation situation. For a businessman to swear that he counted each and every item and placed a value on those items, and have a jury return and give the plaintiff almost two-thirds less than he claimed and, then, infer from that verdict that the jury did not believe that there was false swearing or fraud, defies credulity. The defendants' contention that the jury's verdict was inconsistent with the law requiring the contract to be void if there was false swearing is clearly the only logical inference that can be drawn. The defendant cites in support of his contention an excerpt from Domagalski v. Springfield Fire & Marine Ins. Co., 218 App.Div. 187, 218 N.Y. S. 164, 166 which the Court herein quotes:

> "This clause of the policy makes clear that the general rule of insurance law, requiring good faith and fair dealing, applies to fraudulent statements and false swearing made by an assured after a loss. Courts have been assiduous to prevent the use of the clause to bar a recovery where the alleged fraud or false swearing was not intentional, or the false statements were matters of opinion honestly, although mistakenly held by the assured. On the other hand, they have not hesitated to hold that a recovery would not be permitted, if it clearly appeared that the assured had intentionally made false and fraudulent statements or intentionally sworn falsely. Under such circumstances it has been held that the assured was barred from recovering by the terms of the policy. Juries are prone to disregard a defense based on the clause in question, and no doubt justify such action on the ground that the insurance company will not be injured if the verdict does not exceed the amount of the actual damage suffered. There is no justification in law for such conduct. When the insurance company establishes that the statements made were relevant, material, and intentionally false, it has established its defense. It is not required to assume the burden of convincing a jury that it has been injured by such statements. If it appears that a plaintiff has willfully and fraudulently placed in the proofs of loss a statement of property lost which he did not possess, or has placed a false and fraudulent value upon the articles which he did own, he is not entitled to recover anything."

 The Court agrees with this contention. Whereas a great disparity in the verdict and the amount claimed is not in all cases conclusive of fraud, in the instant case where the very existence of property is determined for defendants, it may well be determinative. The Court should have instructed the jury to the effect that they should find for the plaintiff in the amount of $95,000, or an amount reasonably approximating it, or they should find for the defendant outright, allowing plaintiff nothing.

 4. Although the defendants' contentions with respect to the above law as grounds for new trial are sound, his motion for a judgment notwithstanding the verdict cannot be granted. Title 28 U.S.C.A.Federal Rules of Civil Procedure Rule 50 and the commentaries at page 450, explain that a directed verdict and a judgment notwithstanding the verdict

lend themselves to the same tests. If the Court could not have granted a directed verdict, then a judgment notwithstanding the verdict would be error. The defendants' contention of the inconsistency of the verdict carried with it the implication of the existence of a jury question. The existence of a jury question would therefore preclude the granting of his motion for judgment notwithstanding the verdict. There were questions of fact for the jury to decide, and there was evidence which taken in the light most favorable to the non-moving party would preclude a judgment notwithstanding the verdict. If there is any evidence upon which reasonable men could differ, then the question is for the jury. Likewise, a verdict allegedly inconsistent with the evidence or the law is not a valid ground for the granting of defendants' motion for judgment notwithstanding the verdict. In Dickerson v. Franklin National Ins. Co., 4 Cir., 1942, 130 F.2d 35, 37, Judge Parker held that:

"There was evidence in the case, however, which, if believed, sustained both the quantity and the valuation contained in the proofs of loss. On motion for directed verdict this evidence was to be taken in the light most favorable to plaintiff and all conflicts were to be resolved in his favor. The motion for directed verdict on this ground was, therefore, properly denied; and the motion for judgment n. o. v. on the same grounds stands in no better case. * * * The finding of the jury did not affect the sufficiency of the evidence to sustain a verdict on plaintiff's contention and was not a matter which could be taken into account on the motion for judgment n. o. v. If it was thought to show a valuation of the property by the jury inconsistent with the right to recover as against the defense of fraud and false swearing, this would furnish ground for setting aside the verdict and granting a new trial in the court's discretion but not ground for entering a judgment n. o. v. which can be granted under the rule only where the motion for directed verdict should have been allowed."

8. Accordingly, for the Court's error in instructing the jury and the inconsistency of the jury's verdict with the law and evidence, defendants' alternative motion for a new trial is granted, and motion for judgment notwithstanding the verdict is hereby denied.