## LYCOMING FIRE INSURANCE CO. v. BATCHELLER & SONS.

### Statute of limitations.   Premium note.

1.  A right of action accrues when the plaintiff first *can* sue for and recover a demand, and the statute of limitations begins to run from that date.
2.  Where the charter of an insurance company provides that the directors may, in default of the payment of any assessment upon a premium note, sue for and recover the whole amount of such note, the statute of limitations will begin to run against the whole note from the time when an assessment becomes due.

This was an action in assumpsit to recover assessments upon two premium notes given to the plaintiff by the defendants, upon the issuing to them by it of two policies of fire insurance. Pleas, the general issue and statute of limitations.   Trial by jury at the September Term, 1889, POWERS, J., presiding.   The court directed a verdict for the defendants, to which the plaintiff excepted.

The first note was as follows :

"$250.   For value received, in policy No. 109,584, risk commencing the twenty-first day of November, 1875, issued by the Lycoming Fire Insurance Company, we promise to pay to said company or their treasurer, for the time being, the sum of two hundred and fifty dollars, in such portions and at such time or times as the directors of said company may, agreeably to their act of incorporation, require.

Witness our hand at Wallingford, Vt., the 21st day of November, A. D. 1875.

BATCHELLER & SONS."

The second note was of the same tenor and bore date January 10, 1879.

The plaintiff was a corporation under the laws of Pennsylvania, having its principal place of business in that State, but also doing business in the State of Vermont; and both these notes

were given in this State.  By the fifth and ninth sections of the plaintiff's charter it was provided :

" Sec. 5.   Every person who shall become a member of. said corporation by becoming a member therein, shall, before he receives his policy, deposit his promissory note for such sum of money as shall be determined by the directors ; a part, not exceeding ten per cent of said note, shall be immediately paid, and the remainder of said deposit note shall be payable, in part or the whole, at any time when the directors shall deem th·ı same requisite for the payment of losses by fire and such incidental expenses as shall be necessary for transacting the business of such corporation ; and at the expiration of the time of insurance, the said note or such part of the same as shall remain unpaid, after deducting all losses and expenses during said term, shall be relinquished and given up to the maker thereof.

" Sec. 9.   The directors shall, after receiving notice of any loss or damage by fire sustained on property, and ascertaining the same, or after the rendition of any judgment, as aforesaid, against said company, for loss or damage, settle and determine the sums to be paid by the several members thereof as their respective proportion of such loss, and publish the same as they may see fit, or in any such manner as their by-laws shall have prescribed, and the sum to be paid by each member shall always be in proportion to the original amount of the deposit note or notes, and shall be paid to the treasurer within thirty days next after the publication of such notice ; and if any member shall, for the space of thirty days after the publication of said notice, neglect or refuse to pay the sum assessed on him as his proportion of the loss aforesaid, in such case the directors may sue for and recover the whole amount of his deposit note or notes, with costs of suit, or may have execution for the whole amount, as provided for in the sixth section of this act ; and the amount thus collected shall remain in the treasury of said corporation, subject to the payment of such delinquent's proportion of prior or future losses and expenses, and the balance, if any remain, shall be returned to the party from whom it was collected, on demand, after thirty days from the expiration of the term for which insurance was made."

In accordance with the above provision, the plaintiff did, on the 28th day of May, levy an assessment of twelve and one-half per cent on each of the notes, and give due notice of the same,

so that the said assessments became due and payable as early as June or July, 1880. The defendants had never paid these assessments, but had refused to do so. This suit was begun Dec. 15, 1887.

*C. W. Porter* and *P. R. Kendall,* for the plaintiff.

The charter provides that if default is made in the payment of an assessment, the directors *may* collect the entire note. This leaves it optional with the directors, and before the statute will begin to run there must be some action on their part indicating a purpose to collect. *Jones* v. *Sisson,* 6 Gray, 288 ; Wood Lim. s. 150.

This is not like an instalment note to become due upon default in the payment of an instalment. The note is merely a deposit as security for the payment of the assessments. If the directors choose they may sue it and substitute the proceeds of the judgment for the note, but it is not contemplated that they shall. *Jones* v. *Sisson, supra ; Bangs, Receiver,* v. *Bailey,* 37 Barb. 630, 632, 633 ; *White* v. *Haight,* 16 N. Y. 310 ; *Savage* v. *Woodbury,* 19 N. Y. 32 ; May Ins. ss. 561, 549a & b 550, 558, 559.

*Geo. E. Lawrence, Joel C. Baker* and *F. S. Platt,* for the defendant.

The statute begins to run from the time when the right of action accrues. This was when the plaintiff first *could* sue for and recover the whole amount of the note. *Jones* v. *Sisson,* 6 Gray, 288 ; *Dawley* v. *Wheeler,* 52 Vt. 574; *Howland* v. *Edmonds,* 24 N. Y. 307 ; 3 Par. Cont. 93 ; 2 Par. Notes & Bills, 644 ; *Hemp* v. *Garland,* 4 Q. B. 519 ; *Irving* v. *Veitch,* 3 M. & W. 90.

Statutes of limitation are regarded favorably. *Clemton* v. *Williams,* 8 Cranch, 72; *United States* v. *Wilder,* 13 Wall. 254; *Leffingwell* v. *Warren,* 2 Black, 599 ; *McCheney* v. *Silliman,* 3 Pet. 270 ; *McElmoile* v. *Cohen,* 13 Pet. 312 ; *Walsh* v. *Mayer,* 111 U. S. 31.

The opinion of the court was delivered by

ROWELL, J. These notes are payable "in such proportions and at such time or times as the directors of the company may, agreeably to their act of incorporation, require." Said act provides that if any member shall, for the space of thirty days after publication of notice, neglect or refuse to pay the sum assessed to him as his proportion of a loss, the directors " may sue for and recover the whole amount of his deposit note or notes."

The defendants made default for the space of thirty days after notice in the payment of an assessment, whereof notice was given in May, 1880, and they have ever since refused to pay the same or any part thereof. The question is, has the Statute of Limitations run upon the notes ? The plaintiff claims that it has not, for that the right to sue for and recover the full amount thereof on defendants' default was a mere option, to be exercised or not at the pleasure of the company, and that its exercise by calling for payment of the whole was necessary before suit could be maintained therefor.

But, treating the notes for this purpose as ordinary promissory notes, the case of *Dawley* v. *Wheeler*, 52 Vt. 574, is a full answer to this claim. There the note was at five months date, with interest after, but contained a consent that the payee might collect it at any time by discounting a proportional amount of the interest paid in advance. This was held to be in legal effect a note on demand, and that the statute began to run upon it from the time of its delivery, notwithstanding, in order to collect it within the five months, the payee would have had to exercise the option of commencing suit upon it. The ground and reason of the holding are sufficiently set forth in the opinion, and need not be repeated nor enlarged upon here.

But it is said that the case at bar does not come within the rule that when a sum is payable in instalments, and there is a stipulation that in default as to one all shall become due, the statute runs upon all from the time of default, for that these notes are neither debts nor evidences of debts, but, looked at in the light of their purpose, and in connection with the charter

and by-laws, appear not to have been made for the absolute payment of the sums mentioned in them, nor for any sum, but as engagements to pay the proportion of losses that might belong to the makers to pay, not exceeding the nominal sum mentioned therein, when assessments for that purpose should be made ; that the provision in question is a mere penalty, and not a stipulation that the whole notes should become actually due and payable in the event named ; and hence that the plaintiff is guilty of no *laches*, and the statute has not run.

This proposition would be important, if not controlling, if the question was whether these were to be treated as demand notes from their delivery, or whether an assessment would be a necessary preliminary to a suit upon them, as is shown by *Savage* v. *Medbury*, 19 N. Y. 32, and *Howland* v. *Edmonds*, 24 N. Y. 307, to which we are referred. But it is not controlling now, no matter what the precise nature of the notes is in this regard, for the question still is : When might the plaintiff first have maintained an action for the recovery of the full amount of them ? for from *that* time the statute runs. If the plaintiff chose to wait till the assessments were made and noticed, it could do so ; but that which was optional on its part would not affect the right of the defendants, who might well consider the cause of action as accruing when the plaintiff first had a right to sue for the whole. That the plaintiff could have maintained an action for the full amount on the first default, and that, too, without demand, is beyond question, for, from that time forth, the defendants continuing in default, the notes became and were in law payable on demand. *Jones* v. *Sisson*, 6 Gray, 288, is authority on this point. It is said that it is not authority, because a demand was there made for payment of the whole note before suit brought. But that does not appear, but only that a demand was made for the payment of the assessment, for the non-payment of which plaintiff sought to recover the whole.

We hold, therefore, that the statute has run on these notes, and of course the assessment sought to be recovered goes with them.                                                    *Judgment affirmed.*

MUNSÓN, J., having been of counsel, did not sit.