IN THE MATTER OF THE ESTATE OF SOCRATES BEACH.

November Term, 1941.

Present: SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ., and CLEARY, SUPR. J.

Opinion filed February 3, 1942.

*Guy M. Page* and *John J. Deschenes* for Emma Beach Hazelton individually and as Administratrix.

*Cowles & Cowles* and *Macomber & Macomber* for Harold Beach Adams.

*J. H. Macomber, pro se,* and *J. H. Macomber, Jr.,* for J. H. Macomber, Executor.

BUTTLES, J.   These cases which were heard together present the identical questions raised and decided in *In re Socrates Beach Estate* at the October Term, 1930, reported in 103 Vt. 70, 151 Atl. 654.   By that decision the decree of the probate court was reversed, and the cause was remanded for further proceedings and decree not inconsistent with the views expressed in the opinion.   No claim is made that any change in the names of the parties made necessary because of the passage of time, alters the situation.

After the remand to the probate court nothing further seems to have been done until the hearings were held commencing in October, 1939, at which time the appellant Emma Beach Hazelton was permitted to introduce evidence showing the relations of the testator with his children and grandchildren at the time he made his will, and showing the dates of the deaths of several persons, and in particular that the death of Charles Beach occurred on April 27, 1913, which was prior to the death of Cora Elizabeth Hazelton.   After making lengthy findings of fact the probate court made a partial decree of distribution pursuant to

the mandate of this Court in the former proceeding. From this decree the appeal of Mrs. Hazelton has been taken on the ground that the decree does not conform to the terms of the will when interpreted in the light of the attendant circumstances as determined by the facts found by the probate court.

Passing over the question as to whether the appellant Hazelton was entitled to present evidence as to the foregoing facts after the remand, we come immediately to the merits of this case as now presented, and will determine what, if any, bearing such facts have upon the construction of the will.

The clauses of the will necessary to be considered are set forth in the report of the prior case and need not be restated. Although in the former opinion it is said that "Such (the testator's) intention is to be ascertained from a consideration of the context of the will and the circumstances attending the making of it" it is clear from a reading of the opinion that the Court was able to, and did, construe the provisions of the will unaided by any circumstances attending its making. We have re-examined the entire will and endorse all that is said in that opinion. The will is so clear upon the points raised that a consideration of the attendant circumstances is unnecessary to its interpretation. Hence such circumstances are beside the point. It is the settled doctrine of our decisions that where the terms of a writing, whatever its character, are plain and unambiguous, there is no room for construction, and it is to be given effect according to its language. *In re Robinson's Will*, 101 Vt. 464, 467, 144 Atl. 457, 75 A. L. R. 59. See *Shepard's Heirs* v. *Shepard's Estate*, 60 Vt. 109, 14 Atl. 536.

It follows that the decree of the probate court should be affirmed and since the appeal of Harold B. Adams and J. H. Macomber, Executor, seeks only such affirmance, a separate consideration of that appeal is unnecessary.

*Decree of probate court affirmed. To be certified to the probate court.*