Batris W. PEROVICH, Appellant,

v.

GLENS FALLS INSURANCE COMPA-NY, a New York corporation, Appellee.

No. 21609.

United States Court of Appeals
Ninth Circuit.

Sept. 25, 1968.

John Joseph Hall (argued), Los Angeles, Cal., for appellant.

Willard C. Williams (argued), of Long & Levit, Los Angeles, Cal., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and SOLOMON, District Judge.*

SOLOMON, District Judge:

In 1961, Glens Falls Insurance Company paid Batris W. Perovich $10,268.35 to compensate him for the theft of equipment insured by Glens Falls. Glens Falls later discoverd that Perovich had made numerous material misrepresenta,tions of the value of the stolen goods. Under the terms of the insurance contract, these misrepresentations voided the contract, and Glens Falls sued for a refund. Perovich appeals from the judgment entered on the jury's verdict for Glens Falls.

Perovich first contends that there was insufficient evidence that he misrepresented value. There is no merit in this contention. The evidence shows that one man who worked four hours and used materials which cost less than $200.00 made equipment which Perovich valued at $1,100.00. Perovich's original estimate for the entire loss was $3,500.00. Even though Perovich subsequently told a deputy sheriff that much of the equipment had been recovered, his final claim exceeded $10,000.00.

Perovich next contends that he is entitled to a new trial to prove that he did not misrepresent value. Perovich asserts that he failed to produce evidence to justify his claim because he was misled by the Court's remark that the issue of value seemed moot. The Court made this statement when Perovich proposed to refrain from offering any evidence of value if Glens Falls were precluded from offering any rebuttal evidence on value. After an extended discussion, the Court did not rule that Glens Falls' evidence was insufficient, but the Court, based upon an understanding of the parties, directed that Glens Falls would have to be content with evidence already introduced unless Perovich introduced evidence of value. The Court's earlier statement, taken in context of the discussion, was neither prejudicial nor misleading.

In his third contention, Perovich asserts that the verdict must be set aside because the Court refused to instruct the jury (1) that Glens Falls had no right to rely on Perovich's representations if Glens Falls had notice of circumstances from which it could have discovered Perovich's misrepresentations, and (2) that Glens Falls could not claim that it was misled since it could have discovered Perovich's misrepresentations by pursuing its own investigation.

Perovich cites Elkind v. Woodward, 152 Cal.App.2d 170, 313 P.2d 66 (1957), and Carpenter v. Hamilton, 18 Cal.App.2d 69, 62 P.2d 1397 (1936). Neither of these cases support his position. Elkind v. Woodward, supra, holds that a buyer may not rescind a purchase if he did not rely on the seller's misrepresentations.

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

Carpenter v. Hamilton, supra, holds that a buyer may not rely on the seller's fraud if the buyer inspected the property and knew of its condition.

Here, Perovich admitted in the pretrial order that Glens Falls had made payment in reliance on his representations.

■ In addition, the Court instructed the jury that Glens Falls must prove that it reasonably believed Perovich's representations. The Court correctly refused Perovich's requested instructions. We believe that an insurance company may recover money paid in reasonable reliance on its insured's fraudulent claim.

■ In his fourth contention, Perovich says that the Court erred by refusing to submit the meaning of the term "Tate Cement Mortar Lining Machine," used in the insurance policy, to the jury. The issue in this action was whether Perovich materially misrepresented the theft, the value, or his ownership of the equipment. The definition of "Tate Cement Mortar Lining Machine" is irrelevant to this issue, and the Court properly refused to submit it.

■ Perovich also contends that the verdict must be set aside because the Court did not comply with Rule 26(d) (3), Federal Rules of Civil Procedure, before permitting Glens Falls to read a deposition to the jury.

When Glens Falls sought to read the deposition, Perovich objected because there was no showing that the witness was unavailable. In response to the Court's questions, counsel for Glens Falls offered to prove that the witness resided and was employed in New Jersey and that he could not be obtained because of the airline strike. The Court then permitted Glens Falls to read from the deposition and Perovich did not renew his objection. Perovich has never contended that the witness was available. In these circumstances, Perovich's contention that the verdict must be reversed for alleged non-compliance with Rule 26(d) (3) is frivolous.

Perovich's next contention that the verdict is not supported by the evidence is an afterthought. The verdict is supported by ample evidence. Perovich grossly overvalued the equipment he owned. Several of his employees testified that he did not own as much equipment as he claimed was stolen. Other evidence shows that Perovich's "partner" owned some of the equipment and that it was not stolen.

■ Finally, Perovich contends that the judgment for the whole payment cannot stand because Glens Falls is entitled to recover only the difference between the payment and Perovich's actual loss. There is no merit in this contention.

The insurance policy provides that it is void if the insured misrepresents any material fact. Perovich's misrepresentations voided the policy, Baldwin v. Bankers & Shippers Insurance Company of New York, 222 F.2d 953 (9th Cir. 1955), and Glens Falls is entitled to recover the full payment made under the policy. 6 Appleman, Insurance Law and Practice § 4010.

All of Perovich's contentions are without merit and the judgment is

Affirmed.