### Louis Furlon and Hartford Insurance Group v. Haystack Mountain Ski Area, Inc.

[388 A.2d 403]

No. 261-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

Motion for Reargument Denied June 26, 1978

*French & Zwicker* and *Robert Grussing, III,* Brattleboro, for Furlon.

*Weber, Fisher, Perra & Gibson,* Brattleboro, for Hartford Insurance Group.

*Robinson E. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Hill, J.** On March 22, 1967, plaintiff-appellant Furlon, an employee of defendant-appellee Haystack, was severely injured while attempting to repair one of Haystack's ski lifts. Appellant filed a workmen's compensation claim, 21 V.S.A. § 601 et seq., and collected a sum of money from Hartford Insurance Group, Haystack's insurance carrier.

On March 10, 1970, appellant sued the manufacturer of the ski lift, Mueller Lifts of Switzerland (and Ers P. Meyer d/b/a Mueller Lifts). In his complaint against Mueller appellant alleged negligence in the design and manufacture of the ski lift and breach of warranty. Mueller did not defend this lawsuit, and appellant received a default judgment in the amount of $284,000.00. No part of this judgment has been collected.

On November 28, 1973, appellant brought this action, alleging that Haystack was liable to him for the full amount of the default judgment, plus costs and interest. Hartford Insurance Group intervened as a plaintiff, pursuant to its right to be reimbursed—out of any monies paid on the default judgment—for its workmen's compensation payments to appellant. 21 V.S.A. § 624.

Appellant's claim against Haystack is based on the contract by which Haystack agreed to purchase the ski lift from Mueller. The relevant portion of that contract reads:

*Further Responsibilities:*

The Buyer assumes all legal responsibility for any personal injuries, deaths or property damage that may result from the erection or operation of the Chattels, and for this purpose, he shall take out the necessary insurance coverage at his expense.

Appellant argues that the above provision makes him a third-party beneficiary of the contract, and that as such he is entitled to sue Haystack directly for satisfaction of the judgment received against Mueller.

The parties filed an agreed statement of facts with the trial court, and both sides moved for summary judgment. After hearing, appellant's motion was denied; Haystack's motion was granted, and judgment was entered for Haystack. Haystack's motion presented several different grounds for dismissal. The lower court's ruling was based on one of these grounds only. All parties have agreed that if we find the basis of the trial court's ruling to be unsupported, we may uphold the judgment if we find it supported by any of the other grounds for dismissal offered below. See *Bennett* v. *Robertson*, 107 Vt. 202, 209, 177 A. 625, 628 (1935).

■ The lower court held that the above-quoted provision of the sales contract did not give appellant the right to enforce his default judgment against Haystack. Adopting the general rule that indemnification clauses should not be construed to protect an indemnitee from his own negligence unless such an intention is expressly stated, the court found that Haystack had assumed responsibility for its own conduct only. The court further reasoned that because appellant's claim and judgment against Mueller were for faulty design and manufacture, they fell outside the ambit of the "Further Responsibilities" clause, which covered injuries resulting from "erection or operation." We disagree.

■ The lower court's reading of the "Further Responsibilities" clause would render that clause a nullity. If the inten-

tion of the parties was that Haystack should be liable for its own conduct only, there would have been no reason to include the subject clause. This case is distinguishable from those in which a manufacturer indemnifies a buyer against liability for the manufacturer's negligence. Such a clause serves a purpose in those cases because there the buyer, as Haystack here, could be liable for injury to a customer or employee even though the defect causing the injury was wholly attributable to the manufacturer. See, *e.g., Rogers* v. *W. T. Grant Co.*, 132 Vt. 485, 321 A.2d 54 (1974). In the reverse situation presented here, a clause which simply indemnified Mueller against liability for Haystack's negligent acts would be unnecessary, because Mueller—not having breached any duty—could not be held liable for injuries resulting from Haystack's negligence. We should avoid constructions which render ineffectual the language of a contract. *McLean* v. *Windham Light and Power Co.*, 85 Vt. 167, 178, 81 A. 613, 617 (1911).

Furthermore, we decline to apply in this case the rule that an indemnification clause does not cover liability for the indemnitee's own negligence unless it expressly so states. Although we acknowledge that the lower court was following the generally-accepted rule, the question is an open one in Vermont and in this case we think the reasons for that rule are absent.

First, there is not such ambiguity in the "Further Responsibilities" clause that we must resort to technical rules of construction. See *In re Beach's Estate*, 112 Vt. 333, 335, 24 A.2d 340 (1942). Appellant's injury did "result from" the "operation" of the ski lift. In fact, it was the sudden and unexpected starting-up of the lift which caused appellant's injury.[1] The assumption by Haystack of "all legal responsibility" for such an injury should be read to mean just what it says.

Second, we are not here moved by the considerations of public policy to which some courts have adverted when requiring express statement of an intention to protect an indemnitee from his own negligence. There is not between Haystack and Mueller the disparity in bargaining power that led the United

---

[1] The lower court read the words "result from the erection or operation" to mean "caused by faulty erection or operation." We think it more likely that by these words the parties intended to delineate the circumstances under which the injury must have occurred.

States Supreme Court to construe an indemnification clause in a government construction contract strictly against the indemnitee government. *United States* v. *Seckinger*, 397 U.S. 203, 211–12 (1970). Nor is it unfair in this case to saddle the indemnitor—Haystack—with the burden of Mueller's negligence, even if undiscoverable by Haystack. Cf. *Norfolk and W. Ry. Co.* v. *Hardinger Transfer Co.*, 415 F. Supp. 507, 510 (W.D. Pa. 1976). The assumption of legal responsibility by one party to a contract generally means only that the assuming party will pay for the liability insurance. That such a supposition is a fair one here is confirmed by the reference to insurance in the "Further Responsibilities" clause.

We therefore hold that appellant's injury and his recovery therefor are within the terms of the "Further Responsibilities" clause.

█ In its motion for dismissal below, appellee also argued that appellant's claim was barred by the statute of limitations. We agree.

Appellant argues that the cause of action here sued upon did not accrue until he received judgment against Mueller in May, 1973. Accordingly, appellant argues, the statute of limitations governing actions founded on a contract (6 years; 12 V.S.A. § 511) did not begin to run until that time. However, under the "Further Responsibilities" clause, Haystack assumed "all legal responsibility" not for Mueller's loss or Mueller's liability, but "for any personal injuries," *etc.* Haystack's obligation to appellant therefore arose on March 22, 1967, the date the injury occurred. If appellant could have sued Haystack at all, he could have sued at that time.[2] The statute of limitations runs from the time when a plaintiff can first sue and recover his demand. *Lycoming Fire Ins. Co.* v. *Batcheller & Sons*, 62 Vt. 148, 152, 19 A. 982, 983 (1890). The applicable statute of limitations for this action founded in contract is six years. 12 V.S.A. § 511. The statute had run and appellant's claim was extinguished on March 22, 1973.

---

[2] In its motion for dismissal appellee cited other bars to suit by appellant, including lack of standing to sue and waiver by acceptance of workmen's compensation benefits, 21 V.S.A. § 622. We do not decide on the validity of these other grounds for dismissal, but assume for the purpose of resolving the limitations question that appellant's claim is not otherwise barred.

This action was not commenced until November 28, 1973. It is therefore barred.

Because we affirm the judgment of the lower court dismissing appellant's claim on the ground that the applicable statute of limitations had run, it is unnecessary for us to consider the other grounds of appellee's motion for summary judgment.

*Affirmed.*