## Murl White and Doris White v. Myrtis White and Carol Wry

[388 A.2d 386]

No. 251-77

Present: Barney, C.J., Daley, Larrow and Hill, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed June 6, 1978

Jon R. Eggleston of Samuelson, Portnow, Lang & Miller, Ltd., Burlington, and Arthur A. Heald, St. Albans, for Plaintiffs.

Pierson, Affolter & Wadhams, Burlington, for Defendants.

Hill, J. Defendant-appellants complain of a trial court order directing them to specifically perform under a 1962 contract for the sale of real estate to plaintiff-appellees. Because we find that the statute of limitations, 12 V.S.A. § 511, bars appellees from enforcing their rights under the contract, we reverse.

In 1962, appellee Murl White and his three sisters, of whom two are appellants and the third not a party to this action, were heirs of equal standing to real estate previously held by their deceased father. Prior to the decree closing their father's estate, the four siblings entered into an agreement under which the three sisters agreed to sell their interests in the real estate to appellees "at the time of the Decree in [their father's] Estate, or shortly thereafter." The appellants never conveyed their interests in the property to appellees. On March 23, 1973, appellees brought suit for specific performance of the sales agreement.

The trial court concluded that appellants were estopped from asserting the statute of limitations as a defense. The court supported this finding of estoppel by reference to appellees' reliance on the agreement sought to be enforced (and another agreement between the same parties), on the family relationship of the parties, and on the attempted performance by one appellant of her obligation under the agreements. However, the facts as found below do not justify rejection of the limitations defense on any of the asserted grounds.

Reliance by appellees on the agreement itself could not give rise to estoppel here, or else a defendant in an action to enforce a contract could never invoke the statute of limitations.

Nor is the relationship of appellants to appellees grounds for rejecting the limitations defense. "In the absence of either

a promise or any misrepresentation or concealment of a fraudulent character, there cannot be an equitable estoppel precluding the defendant from setting up the bar of limitations." *Caledonia Sand & Gravel Co.* v. *Campbell*, 128 Vt. 182, 185, 260 A.2d 221, 223 (1969). The existence of the familial relationship does not constitute the requisite "promise . . . misrepresentation or concealment."

The attempt by one appellant to perform presents the most convincing basis for a finding of estoppel. The trial court found that prior to March 14, 1966, one appellant executed a deed of her interest in the subject real estate and entrusted it to her attorney for delivery to appellees. There was no finding that the fact of this execution was communicated to appellees, although there was testimony that such communication took place. Furthermore, the trial court stated in its conclusions of law that appellees relied on "the actions of [appellants] following the execution of the agreements" in failing to prosecute this action earlier. Even if we assume, however, that the communication to appellees of one appellant's attempt to perform under the agreement constitutes a representation upon which appellees were entitled to rely in not commencing suit, there still was a delay of over seven years between the time of that representation and the commencement of this action. "An estoppel is effective only so long as the plaintiff reasonably relies upon the defendant's representations as an excuse for not instituting the action." *McLaughlin* v. *Blake*, 120 Vt. 174, 180, 136 A.2d 492, 496 (1957).

The statute of limitations begins to run when a party can first sue on his cause of action. *Furlon* v. *Haystack Mountain Ski Area, Inc.*, 136 Vt. 266, 270, 388 A.2d 403, 406 (1978); *Lycoming Fire Ins Co.* v. *Batcheller & Sons*, 62 Vt. 148, 152, 19 A. 982, 983 (1890). The agreement sued upon here called for performance by appellants at the time of the decree closing their father's estate "or shortly thereafter." The decree was issued in 1962. Suit was commenced in 1973. There was therefore a passage of eleven years from the time appellees could have brought suit until the time they actually did sue. Giving appellees the benefit of the doubt with respect to the new promise of performance by one appellant in 1966, there was still a passage of seven years prior to the filing of the com-

274

plaint in this action. Civil actions must be commenced within six years of the time the cause of action accrued. 12 V.S.A. § 511. Appellees did not commence this suit within six years of the accrual of the cause of action. Nor did they commence suit within six years of the date of the representation that could be deemed to have renewed their cause of action. The action is therefore barred. 12 V.S.A. § 511; *Bell* v. *Town of Grafton,* 133 Vt. 1, 3, 328 A.2d 408, 409 (1974).

In view of our holding that this action is barred by the statute of limitations, it is not necessary to review appellants' other claims of error.

*Reversed. Judgment entered for defendants.*