## Cooperative Fire Insurance Association of Vermont v. Gary Domina and Pauline Domina

[399 A.2d 502]

No. 165-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed January 29, 1979

*Charity A. Downs* of *Conley & Foote*, Middlebury, for Plaintiff.

*Richard A. Gadbois*, Enosburg, for Defendants.

**Hill, J.** This action was brought to foreclose a mortgage, and the litigation has not gone beyond the pleadings. The mortgaged property is insured against loss by fire with the plaintiff-appellant, Cooperative Fire Insurance Association of Vermont (Cooperative). When the property was destroyed by fire, Cooperative denied a claim by the named insureds, Gary and Pauline Domina, appellees herein, purchased the mortgage from the Enosburg Falls National Bank, and foreclosed on the property. The Dominas have denied default and have counterclaimed for recovery of the fire insurance proceeds.

Prior to this suit, Gary Domina was convicted of second degree arson in connection with the fire. His spouse was not charged and has not been implicated in the crime. It is her right to recover on the policy that forms the basis of this appeal. The trial court has entered an order under V.R.A.P. 5(a) certifying to this Court the following question:

> Can the innocent spouse of a person who pleads guilty to second degree arson collect insurance benefits in connection with a fire insurance policy issued to the husband and wife insuring tenancy by the entirety property and which property was the subject of the aforesaid criminal offense?

The general rule is that an innocent co-insured, whether partner, see *Bellman* v. *Home Insurance Co.*, 178 Wis. 349, 189 N.W. 1028 (1922), or spouse, see *Kosior* v. *Continental Insurance Co.*, 299 Mass. 601, 13 N.E.2d 423 (1938), cannot recover on a fire insurance policy where the property wilfully was destroyed by the other co-insured. The appellees, however, urge us to adopt the opposite view and direct our attention to *Howell* v. *Ohio Casualty Insurance Co.*, 130 N.J. Super. 350, 327 A.2d 240 (1974).

In *Howell* the plaintiff and her husband owned a home as tenants by the entirety. Her husband intentionally set fire to the house. The court held that the fraud by the husband could not be imputed to the wife and therefore the responsibility for the fire was several. They then determined that the fraud of the hus-

band—the arson—did not void the policy as to the innocent wife. The court observed that

> With respect to a fire insurance policy covering the interests of more than one insured, however, there is much to commend the view that, unless the terms thereof are plainly to the contrary and in some fashion clearly called to the attention of the insureds, the obligation of the carrier should be considered several as to each person insured, and the fraud or misconduct of one insured should not bar recovery by the innocent co-insureds *to the extent of their respective interests in the property involved.*

130 N.J. Super. at 355–56, 327 A.2d at 243 (emphasis added).

But assuming that the misconduct of Gary Domina would not bar recovery by Pauline, the innocent spouse, nevertheless her interest in the property as tenants by the entirety is such that the extent thereof cannot be determined. The characteristics of a tenancy by the entirety are set forth in *Town of Corinth* v. *Emery,* 63 Vt. 505, 506–07, 22 A. 618 (1891).

> This estate, created by conveyance to husband and wife, is a peculiar one. The interest of the grantees is not joint, nor in common. The parties do not hold moieties, but take as one person, taking as a corporation would take; they have but one title; each is seized of the whole and each owns the whole. If one dies the estate continues in the survivor, the same as if one of several corporators dies. It does not descend upon the death of either, but the longest liver, being already seized of the entire estate, is the owner of it. One tenant by entirety cannot sever the tenancy by deed, as a joint tenant can, for neither can alien so as to bind the other.

We hold that Mrs. Domina cannot be permitted to make a burning, fraudulently done by her co-insured husband, the basis of recovery in this action of the total proceeds of the policy. Further, permitting a recovery by the wife of one-half the proceeds of the policy, as suggested by the appellees, would be to substitute another contract in place of the one made to protect the indivisible ownership by the entireties. *Matyuf* v. *Phoenix Insurance Co.,* 27 Pa. D. & C.2d 351, 359 (1933).

*The certified question must be answered in the negative.*