Theodore Quintin and Linda Quintin v. Daniel Miller and Cooperative Fire Insurance Association

[417 A.2d 941]

No. 67-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 27, 1980

*Rexford, Kilmartin, Chimileski & White,* Newport, for Plaintiffs.

*Charity A. Downs* of *Conley and Foote,* Middlebury, for Cooperative Fire Insurance Association, Defendant.

**Hill, J.** Plaintiffs, Theodore and Linda Quintin, are the owners of a ski lodge in Montgomery Center, Vermont. During the summer of 1974, defendant, Daniel Miller, was doing carpentry work for them. On August 20, 1974, while building a fire escape to the ski lodge, Miller was badly injured. Defendant, Cooperative Fire Insurance Association of Vermont (Cooperative), was informed of the accident, since it was the insurance carrier for plaintiffs.

On February 5, 1975, Miller filed a complaint against the Quintins alleging negligence in the maintenance of their premises. Cooperative, pursuant to its insurance policy with the Quintins, entered an appearance through counsel. This appearance was subsequently withdrawn, however, since, according to Cooperative, the Quintins had withheld and misrepresented material facts. Although the policy expressly excluded employees from its coverage, the Quintins allegedly had told Cooperative's claims adjuster that Miller was a prospective guest looking for a room rental while in fact he was an employee. Therefore, Cooperative claimed that it was not required to defend the Quintins.

On July 20, 1977, plaintiffs brought this action seeking a declaratory judgment that defendant, Cooperative, was obligated to defend them in the suit brought by Daniel Miller and to pay any judgment therein. Cooperative asserted conceal-

ment and misrepresentation of material facts as an affirmative defense, and counterclaimed for monies paid to the Medical Center Hospital of Vermont in reliance on the Quintins' misrepresentations. The superior court concluded that in light of the misrepresentations Cooperative was not obligated to defend plaintiffs in the suit brought by Miller, and that it was entitled to a refund of the monies paid to the hospital for Miller's injuries. It is from this decision that plaintiffs appeal. They claim that the evidence does not support the trial court's findings and that the findings do not support the court's legal conclusions. We agree that this is the case with respect to plaintiff, Linda Quintin, but disagree that it is the case with respect to plaintiff, Theodore Quintin.

It is well settled that an intentional concealment or misrepresentation of a material fact by an insured to an insurer will be considered a refusal to cooperate within the terms of the insurance contract, thereby vitiating the policy and relieving the insurer of its obligation to defend the insured. *Kirk* v. *Home Indemnity Co.*, 431 F.2d 554 (7th Cir. 1970); *Coleman* v. *New Amsterdam Casualty Co.*, 247 N.Y. 271, 160 N.E. 367 (1928) (Cardozo, C.J.). It is likewise well settled that an insurer who has paid a claim based on facts misrepresented to it, or withheld from its knowledge, is entitled to recover the amount paid. *Perovich* v. *Glens Falls Insurance Co.*, 401 F.2d 145 (9th Cir. 1968). Therefore, to be relieved from its contractual obligation to defend, and to recover the monies paid, Cooperative had to prove that there was "an intentional misrepresentation of existing fact, affecting the essence of the transaction, [that] was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage." *Union Bank* v. *Jones*, 138 Vt. 115, 121, 411 A.2d 1338, 1342 (1980); accord, *Anderson* v. *Knapp*, 126 Vt. 129, 133, 225 A.2d 72, 76 (1966); see *Firemen's Insurance Co.* v. *Smith*, 180 F.2d 371 (8th Cir. 1950); cf. *Fireman's Fund Insurance Co.* v. *Knutsen*, 132 Vt. 383, 324 A.2d 223 (1974) (fraudulent misrepresentation in context of application for insurance).

We believe that the trial court's findings, although sparse as to some of the necessary elements, are sufficient to

support the conclusions that Theodore Quintin had misrepresented material facts to Cooperative, and, therefore, that Cooperative was not obligated to defend the Quintins under their insurance policy and was entitled to a refund of the monies paid for Miller's injuries. The trial court found that at the time Miller was injured he was an employee of the Quintins. It also found that Theodore Quintin told Cooperative's adjuster that Miller was a prospective guest, and that Cooperative did not find out that Miller was actually an employee until Miller filed his action against the Quintins. These findings and the reasonable inferences drawn therefrom, see *Frost* v. *Tisbert*, 135 Vt. 345, 347, 376 A.2d 748, 750 (1977), clearly are sufficient to show an intentional misrepresentation of existing fact that was false, known to be false, and was not open to Cooperative's knowledge. The finding that the bodily injury portion of the relevant insurance policy excluded "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured," makes it apparent that the misrepresentation affected the essence of the transaction, for if the misrepresentation had not been made Cooperative would not have paid Miller's hospitals bills or have initially retained counsel to defend the Quintins. Lastly, the findings that Cooperative initially retained counsel to defend the Quintins in the suit brought by Miller and that it paid Miller's hospital bills show that Cooperative relied to its damage on Theodore Quintin's misrepresentations. Therefore, plaintiffs' argument that the legal conclusion of misrepresentation is not supported by the findings must fail.

Plaintiffs' argument that the findings are not supported by the evidence must also fail. Our examination of the record reveals that the trial court's findings accurately reflect the course of events as testified to by the witnesses called and the evidence submitted. It does not, however, reveal any evidence tending to show that Linda Quintin engaged in any misrepresentation. Therefore, the judgment of the superior court insofar as it holds her liable, based on imputed misrepresentation, for monies paid by Cooperative to the Medical Center Hospital of Vermont must be reversed. See *Fireman's Fund Insurance Co.* v. *Knutsen, supra.* In all other respects the judgment is affirmed.

*The judgment of the superior court is affirmed, except insofar as it holds Linda Quintin liable for monies paid by Cooperative in reliance on Theodore Quintin's misrepresentation, as to which it is reversed. That part of the judgment order holding Linda Quintin liable to Cooperative on its counterclaim is stricken.*