# Michael and Delores Stankiewicz and Cooperative Fire Insurance Association of Vermont v. Estate of Albert LaRose and Rita LaRose

[561 A.2d 400]

No. 86-583

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion filed March 17, 1989

Motion for Reconsideration Denied April 25, 1989

*John R. Barrera*, Middlebury, for Plaintiff-Appellant.

*Michael S. Gawne*, St. Albans, for Defendant-Appellee Estate of Albert LaRose.

*Michael Rose*, St. Albans, for Defendant-Appellee Rita LaRose.

**Gibson, J.** Plaintiff Cooperative Fire Insurance Association of Vermont (Cooperative) appeals from a judgment order of the trial court dismissing the complaint as to defendant Rita LaRose on the basis that the statute of limitations barred plaintiffs' suit against her. We affirm.

## I.

On January 23, 1971, Abert and Rita LaRose sold certain property, including a barn, in the town of Berkshire to plaintiffs Michael and Delores Stankiewicz. As part of the transaction, the LaRoses took back a note and mortgage to secure a portion of the

sale price; they assigned their interest in this note and mortgage to the Enosburg Falls National Bank (Bank). The Cooperative provided an insurance policy protecting against the loss of the barn by fire. The insurance policy named both the Stankiewiczes and the LaRoses as beneficiaries.

On September 29, 1971, the barn was destroyed by fire. In November of 1971, the Cooperative paid the sum of $20,800 as the proceeds from the fire insurance policy to the Stankiewiczes and the LaRoses, who endorsed the check and presented it to the Bank to discharge the mortgage on the property. In June of 1982, a criminal complaint was filed against Albert LaRose, alleging that he had hired a third person to set fire to the barn.

On January 20, 1983, plaintiffs Stankiewicz and the Cooperative filed a complaint, alleging that the fire was intentionally caused by either or both of the LaRoses. Plaintiffs later amended their complaint to allege that the applicable statute of limitations was tolled between 1971 and 1982 because defendants had fraudulently concealed the cause of the fire. Prior to trial, Albert LaRose died, and his estate was substituted as a party defendant. Some time later, defendants sold certain real estate and $20,000 of the sales price was placed in a court-supervised escrow account in order to assure plaintiffs of liquid assets in the event they won a judgment against defendants. The trial court ordered a bifurcated trial so as to determine separately the liability of Rita LaRose. The Cooperative again amended its complaint to state a claim against Rita LaRose based on unjust enrichment. At trial, the parties entered into a stipulation which set forth certain facts of the case; most significantly, the stipulation stated that Rita LaRose was not involved in causing the fire.

On May 9, 1986, the trial court rendered its decision, finding that the statute of limitations had run as to Rita LaRose; the court did not at that time enter judgment in her favor, however. In August of 1986, the court released to Rita LaRose the funds then being held in escrow. On October 30, 1986, the court entered final judgment, dismissing the action against Rita LaRose.

The Cooperative raises three issues on appeal. First, it asserts that the trial court erred in ruling that the claim against Rita LaRose was barred by the statute of limitations. Second, the Cooperative claims that it should be entitled to recover from Rita LaRose under a theory of unjust enrichment. Finally, the Cooper-

ative argues that the court erred in releasing the escrow funds to Rita LaRose.

## II.

The trial court determined that the Cooperative's claim against Rita LaRose was barred by the six-year statute of limitations contained in 12 V.S.A. § 511, and that the Cooperative had not met its burden of showing that Rita LaRose had fraudulently concealed the facts of the fire so as to toll the statute pursuant to 12 V.S.A. § 555. The Cooperative alleges that the court erred in concluding that, in order for § 555 to apply, Rita LaRose must have been involved in the fraudulent concealment of the facts of the fire. The Cooperative argues that concealment by Albert LaRose, as co-defendant, is sufficient to toll the statute of liimitations as to Rita LaRose.

The Cooperative's contention ignores the plain meaning of the statute, which clearly states that in order to toll the statute of limitations by fraudulent concealment of the cause of action, such concealment must be "by the person against whom" the recovery is sought. 12 V.S.A. § 555. Further, the construction urged by the Cooperative violates the general rule that fraudulent concealment by a third party does not toll the statute of limitations as to a defendant not involved in the fraudulent concealment of the cause of action. See, e.g., *Burns* v. *Hartford Hosp.,* 192 Conn. 451, 459, 472 A.2d 1257, 1261 (1984).

The Cooperative attempts to base its theory primarily upon its interpretation of the Court's opinion in *Cooperative Fire Insurance Association* v. *Domina,* 137 Vt. 3, 399 A.2d 502 (1979). In *Domina,* the insurer denied a claim for the loss of property owned by a couple as tenants in the entirety. The husband had intentionally set the fire, but the wife was not implicated in any wrongdoing. Assuming that the misconduct of the husband would not bar recovery by the wife, the Court held that due to the "indivisible" nature of a tenancy by the entirety, even an innocent spouse could not recover on an insurance policy where a fraud has been committted by the other spouse. *Id.* at 5, 399 A.2d at 503. *Domina,* which was concerned only with the issue of liability as relating to tenants by the entirety, is distinguishable from the instant case, which involves the application of the statute of limitations, an issue not before the *Domina* court. Thus, if the statute

of limitations has run as to the claim against Rita LaRose, *Domina* will not help the Cooperative. See also *Quintin* v. *Miller,* 138 Vt. 487, 490, 417 A.2d 941, 943 (1980) (because of lack of evidence that wife had engaged in misrepresentation to insurer, she had no liability for the sums already paid); *Fireman's Fund Insurance Co.* v. *Knutsen,* 132 Vt. 383, 396, 324 A.2d 223, 232 (1974) ("In general, an innocent co-insured may take under an insurance policy despite fraud committed by the other co-insured.").

The Cooperative's failure to show that Rita LaRose was responsible for fraudulently concealing the facts of the fire forecloses its claim that the statute of limitations has been tolled as to her personally.

### III.

The Cooperative contends that it should be able to recover any funds paid to defendant Rita LaRose on a theory of unjust enrichment. We do not address the merits of this contention, because we find that the unjust enrichment claim is barred by the six-year statute of limitations, 12 V.S.A. § 511, in the same manner as was the original claim against Rita LaRose, and that the Cooperative did not prove any fraudulent concealment of the facts underlying the alleged enrichment sufficient to toll the statute under 12 V.S.A. § 555.

■ Statutes of limitations apply to virtually every legal action. There is nothing in our case law to suggest that this statute should not apply to actions based upon a quasi-contract theory equally as well as it aplies to other civil actions. See *Freedman* v. *Beneficial Corp.,* 406 F. Supp. 917, 923 (D. Del. 1975) ("mere labeling of an action as one in the nature of quasi contract is not enough to avoid the impact of the statute of limitations"); see also Restatement of Restitution § 148(2) (1937) ("cause of action for restitution may be barred by lapse of time because of the provisions of a statute of limitations").

The question arises as to when the statute of limitations should commence to run. The limitations period begins to run when the cause of action accrues, see *Freedman,* 406 F. Supp. at 923, which in the instant case would be the date when the Cooperative paid the proceeds of the policy, November 10, 1971. This date is well outside the outermost limits of the limitations period set forth in

12 V.S.A. § 511. Therefore, the Cooperative's claim against Rita LaRose based upon the theory of quasi-contract is barred by the statute of limitations.

## IV.

Finally, the Cooperative argues that the trial court erred in releasing the escrow funds to defendant Rita LaRose. We decline to address this issue because it is moot. There no longer exists any "live" controversy between the parties to justify the retention of the escrow account. We do not address issues on appeal which are no longer "live" or where the parties lack a legally cognizable interest in the outcome. *In re S.H.*, 141 Vt. 278, 280, 448 A.2d 148, 149 (1982); see *State* v. *Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (case is moot "when judgment, if rendered, will have no practical legal effect upon the existing controversy").

We do not mean to foreclose the Cooperative from any legal means of attempting to regain the funds it originally paid on this claim. With regard to the instant appeal, however, a determination of the propriety of the release of funds from the escrow account can serve no useful purpose.

*Affirmed.*