## VERMONT ELECTRIC COOPERATIVE, INC. v. MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY

[687 A.2d 1256]

No. 96-127

October 10, 1996. Plaintiff Vermont Electric Cooperative (VEC) seeks restitution of $92,508.30 in payments made to defendant Massachusetts Municipal Wholesale Electric Company (MMWEC) under a power sales agreement that was subsequently declared void ab initio in *Vermont Department of Public Service v. Massachusetts Municipal Wholesale Electric Co.*, 151 Vt. 73, 558 A.2d 215 (1988), *cert. denied*, 493 U.S. 872 (1989) (hereinafter *VDPS*). The trial court granted defendant's motion for summary judgment, holding that the action was barred by the six-year statute of limitations for civil actions, 12 V.S.A. § 511. We affirm.

In the spring of 1979, MMWEC sent letters to Vermont municipalities and electric cooperatives, including VEC, soliciting their interest in the purchase of project capability from MMWEC's joint ownership interest in the Seabrook Nuclear Generating Station. On September 27, 1979, VEC signed a power sales agreement to purchase 10,000 kilowatts of power capability in Seabrook from MMWEC. Other Vermont municipal and cooperative utilities, including the Villages of Stowe, Ludlow, Lyndonville, Morrisville, and Northfield and the Washington Electric Cooperative, also signed

similar power sales agreements with MMWEC.

In the fall of 1985, MMWEC informed each of the purchasers, including VEC, that they were required to begin making monthly interest payments on January 1, 1986, under their respective power sales agreements. VEC paid the amount of $92,508.30 to MMWEC on February 12, 1986.

In October 1985, the Vermont Department of Public Service (DPS) filed a complaint against MMWEC and certain Vermont utilities, including VEC, seeking a declaration that the power sales agreements were void under Vermont law because they impermissibly delegated local authority to MMWEC. Shortly after this suit was filed, VEC sought and was granted status as a plaintiff. In a memorandum in support of summary judgment submitted to the court in February 1986, VEC asserted that it lacked authority to enter into its power sales agreement and that its contract "should be . . . declared invalid and *ultra vires.*"

In an amended complaint dated April 10, 1986, VEC sought restitution from MMWEC of the interest payment made in February. In August 1986, VEC and other plaintiffs stipulated to dismiss without prejudice their claims for restitution. Under the stipulation, MMWEC, VEC and other plaintiffs agreed that if any of the claims for restitution were reinstated in another lawsuit within one year from the entry of a final judgment of the trial court, the claims would be deemed to have been filed on the date they were first filed by the DPS.

The Washington Superior Court upheld the power sales agreements in a decision issued on November 26, 1986. This Court reversed, directing entry of judgment for plaintiffs, and the United States Supreme Court denied MMWEC's petition for a writ of certiorari on October 2, 1989.

The instant complaint was filed on April 25, 1995. At issue is the date upon which the action for restitution accrued. Plaintiff argues that its claim for restitution did not accrue until October 2, 1989, when the United States Supreme Court denied MMWEC's petition for writ of certiorari. Accordingly, plaintiff argues that this suit falls within the six-year statute of limitations. Plaintiff contends that in the special case where a party seeks restitution of payments made on a void contract, the claim does not accrue until judgment declaring the invalidity of the contract is final. In asserting this claim, plaintiff relies on *Republic Security Corp. v. Puerto Rico Aqueduct & Sewer Authority*, 674 F.2d 952 (1st Cir. 1982), a decision that applies the Puerto Rican Civil Code.

In Vermont, a civil action for restitution "shall be commenced within six years after the cause of action accrues and not thereafter." 12 V.S.A. § 511; *Stankiewicz v. Estate of LaRose*, 151 Vt. 453, 456, 561 A.2d 400, 402 (1989) (12 V.S.A. § 511 applies to restitution actions). The statute of limitations runs from the time when a plaintiff can first sue and recover its demand. *Furlon v. Haystack Mountain Ski Area, Inc.*, 136 Vt. 266, 270, 388 A.2d 403, 406 (1978); *White v. White*, 136 Vt. 271, 273, 388 A.2d 386, 388 (1978). The discovery rule, defining the point at which the cause of action accrues as the time of discovery of the injury, applies to actions under 12 V.S.A. § 511. *University of Vt. v. W.R. Grace & Co.*, 152 Vt. 287, 290, 565 A.2d 1354, 1357 (1989).

We hold that VEC's action for restitution accrued in February 1986, when VEC made payment to the defendant. Once VEC made payment to MMWEC, VEC suffered injury and was entitled to seek restitution. See *Stankiewicz*, 151 Vt. at 456, 561 A.2d at 403 (action by insurance company to recover proceeds paid to insured accrued when plaintiff made payment); *Furlon*, 136 Vt. at 270, 388 A.2d at 406 (cause of action to recover for personal injury accrued on date of injury).

Application of the discovery rule, *W.R. Grace & Co.*, 152 Vt. at 289, 565 A.2d at 1356, does not change this result because plaintiff was aware of the infirmities in the power sales agreement when it made payment in February 1986. Where the plaintiff discovers an injury after it occurs, the statute of limitations begins to run at the time of discovery of the injury. *Id.* Plaintiff filed a motion in support of summary judgment against MMWEC in the *VDPS* action in February 1986. Because plaintiff was aware of its claim against MMWEC at the time it made payment, the statute of limitations began running immediately. See *Lake v. Piper, Jaffray & Hopwood Inc.*, 365 N.W.2d 838, 839 (Neb. 1985) (per curiam) (action for declaratory judgment and recovery for payment made under allegedly void contract accrued on date of contract's execution, not date of payment, where plaintiff had knowledge of fraud when contract was signed).

Plaintiff's reliance on *Republic Security* is misplaced. Although the facts of *Republic Security* are similar to those here, Puerto Rican civil law is not.

> [T]he courts of Puerto Rico have consistently observed that civil law tradition, and not common law, governs the rules applicable to limitation periods and tolling provisions under Puerto Rican law. . . . Thus, it is evident that special care must be taken when dealing with limitation problems under Puerto Rican law.

*Rodriguez Narvaez v. Nazario*, 895 F.2d 38, 43 (1st Cir. 1990) (citations omitted). In *Republic Security*, the plaintiff's action was brought under Article 1255 of the Puerto Rican Civil Code, which has been interpreted to give rise to an action for restitution on a void contract only after a final declaration of invalidity. 674 F.2d at 955. Thus, under Puerto Rican law, the statute of limitations for the restitution action did not begin to run until the declaration of invalidity was final. *Id.* at 954. Vermont has no such rule. See *Legault v. Legault*, 142 Vt. 525, 531, 459 A.2d 980, 984 (1983) (summarizing equitable doctrine of unjust enrichment). Furthermore, we decline to adopt such a rule because it would, in our opinion, unnecessarily postpone the resolution of disputes, contrary to the preference for finality inherent in 12 V.S.A. § 511.

*Affirmed.*