Peters v. Benway's Transportation, No. S0793-03 Cncv (Katz, J., Mar. 11, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:


BRENDA PETERS

v.

BENWAY'S TRANSPORTATION &
DAVID RICHIE


ENTRY

Defendants seek to dismiss claims under V.R.C.P. 12(b) for failure to serve process in a timely manner. Plaintiff opposes this motion by arguing that her failure was the result of excusable neglect.

Plaintiff's cause of action against defendants accrued on September

18, 2000. Under 12 V.S.A. § 511, plaintiff had until September 17, 2003, three years later, to file suit against defendants for this incident. Plaintiff commenced her action by filing her complaint on June 27, 2003, initially putting her well within the statutory deadline. All plaintiff needed to do to complete filing under V.R.C.P. 3, and thereby preserve her claim, was to serve defendants with process by August 26, 2003, sixty days later. Plaintiff failed to do so for any of the defendants within this time period and did not file anything with the court until September 26, 2003, nine days after the expiration of her cause of action. At that time, plaintiff filed for a V.R.C.P. 6(b) extension to serve defendants, which she was granted without review. Defendants challenge this extension.

Normally, when a plaintiff fails to serve process within the sixty day period of Rule 3, she has two options: 1) to re-file and serve properly under Rule 3, or 2) to make a motion for an extension of time to serve under Rule 6(b)(2). See Poulos v. Wilson, 116 F.R.D. 326 (D.Vt. 1987) (granting a Rule 6(b)(2) motion when defendant was served one day after the time for Rule 3 service lapsed but eight days before statute of limitations ran). By the time plaintiff realized her mistake in late September, it was too late to re-file because she was now beyond the three year deadline of § 511. Instead, plaintiff sought the second option to extend her filing time under Rule 6(b). While Rule 6(b) is applicable to problems with Rule 3, it is limited in its application. See Raymond v. Int'l Bus. Mach. Corp., 148 F.3d 63, 66 (2d Cir. 1998) (noting that Rule 6 is applicable to most but not all time requirements within the Rules of Civil Procedure). The problem with plaintiff's argument is that by accepting her extension of time to serve, we would not just extend the time allowed under Rule 3 but would also extend the time allowed under the statute of limitations. 12 V.S.A. § 511. This latter time period created by statute is outside the Rules of Civil Procedure and therefore outside the scope of Rule 6(b), making it ineligible for such

an extension.  Hammons v. Int'l Playtex, Inc., 676 F. Supp. 1114, 1118 (D.Wyo. 1988), vacated and remanded by party stipulation, 872 F.2d 963 (10th Cir. 1989) (noting that the 60 days under Rule 3 was an "integral part of the statute of limitations" and any enlargement would frustrate its policies); 4B C.Wright & A.Miller, Federal Practice and Procedure § 1165, at 519–20 (2002).

Unlike the more flexible rules of procedure, the statute of limitations can only be tolled or barred under specific circumstances.  See 12 V.S.A. § 512(4) (delaying the accrual of a cause of action until discovery of injury); White v. White, 136 Vt. 271 (1978) (discussing estoppel as a bar to asserting the statute of limitations).  While Rule 3 does toll the statute of limitations for its sixty day period, it requires that service to be timely. Weisburgh v. McClure Newspapers, Inc., 136 Vt. 594, 595 (1979) (Under, Rule 3, the statute of limitations will extend to the end of the 60 days provided in Rule 3 so long as timely service is accomplished.).  To extend plaintiff's time for service would bootstrap plaintiff into the statute of limitations in violation of Rule 3's limited tolling and Rule 6(b)'s inapplicability.  Fercenia v. Guiduli, 2003 Vt. 50, at ¶ 9.  Plaintiff cannot use Rule 6(b) as a procedural end-run around the finality imposed by the legislature in the statute of limitations.  Notwithstanding our prior granting of plaintiff's motion to extend time for service, plaintiff's service of defendants was untimely in violation of Rule 3 and 12 V.S.A. § 511.

Based on the foregoing, defendants' motion to dismiss is granted.


Dated at Burlington, Vermont_____, 2004.