CROSSROADS DEVELOPMENT CORPORATION, demandante y recurrida, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente.

*Número:* R-73-21 *Resuelto:* 12 de mayo de 1975

*J. F. Rodríguez Rivera* y *Peter Ortiz, Procuradores Generales Interinos,* y *Ruth Tentori, Procuradora General Auxiliar,* abogados ·del recurrente; *Ramón Cancio,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El presente recurso se confronta fatalmente con la aplicación de la doctrina de los actos propios en uno de sus múltiples y variados aspectos. *Cf. Lausell Marxuach* v. *Díaz de Yáñez*, 103 D.P.R. 533 (1975). La causa de acción ejercitada en el tribunal de instancia por la recurrida Crossroads Development Corp. constituye, según veremos, un ataque colateral a la aprobación de un plano de inscripción por la Junta de Planificación que la recurrida aceptó y aprovechó en su propio beneficio. Ello le impide ahora ir contra sus propios actos repudiando aquella parte de la aprobación que no conviene a sus intereses.

En 1965 la recurrida adquirió una finca rústica de alrededor de 13 cuerdas ubicada en el Barrio Monacillos de Río Piedras. De conformidad con el Reglamento de Lotificación existente, la recurrida sometió a la Junta de Planificación un plano de inscripción para la segregación de dicha finca en tres parcelas. El 26 de septiembre de 1966 la Junta aprobó el plano de inscripción con la condición de que la recurrida "dedicara" a uso público la parcela rotulada "B" y "reservara" para uso público la parcela marcada "C". La primera era necesaria para la extensión de la Avenida Central y la segunda para la intersección de la Avenida 65 de Infantería y la Avenida Guaynabo.

La recurrida no cuestionó este requerimiento de la Junta de Planificación, sino que procedió de conformidad. Vendió la parcela "A" con una cabida de 4.77 cuerdas a Gem de Puerto Rico, Inc. para la construcción de una tienda por departamentos Gem. Sin embargo, un año y cuatro meses después, en enero de 1968, la recurrida haciendo caso omiso de la dedicación que había hecho en el plano de inscripción y que aparecía inscrito ya en el Registro de la Propiedad, sometió a la Junta de Planificación un anteproyecto para la construcción de un edificio comercial y una estación de servicio de gasolina en la parcela marcada "B". La Junta de Planificación denegó dicho anteproyecto, entre otras razones, porque la parcela en cues-

tión había sido dedicada a uso público por el propio peticionario. (Exhb. "C" Autos CS68-6435.) No conforme con la denegación, recurrió a la Junta de Apelaciones sobre Construcciones y Lotificaciones. Esta desestimó la revisión en septiembre de 1968 por entender que la controversia caía fuera de su ámbito jurisdiccional. El Tribunal Superior, Sala de San Juan, confirmó la resolución de la Junta de Apelaciones advirtiendo tempranamente la dificultad procesal que confrontaba el repudio de la recurrente a la dedicación efectuada en el 1966.

Al respecto expresó:

". . . Tampoco puede usarse el procedimiento de revisión de la decisión de la Junta de Apelaciones para impugnar y atacar, colateralmente, una dedicación que se llevó a cabo en el 1966. Fue en el momento en que la Junta de Planificación hizo el requerimiento de la dedicación como condición previa a la aprobación de una lotificación, que la recurrente Crossroads Development Corp. debió haber acudido ante la Junta de Apelaciones en solicitud de un alivio administrativo para que, de conformidad con las facultades que le confiere la ley, le eximiera del requerimiento impuesto por la Junta de Planificación. Para ese propósito la ley le concedía a la recurrente Crossroads Development Corp. un término de treinta (30) días (23 L.P.R.A. Sec. 28, supra). La recurrente no acudió a la Junta de Planificación [debe decir Junta de Apelaciones] dentro del término establecido por el estatuto. Por tal razón y en vista de la naturaleza del planteamiento de la recurrente, la Junta de Apelaciones no tenía otra alternativa que desestimar la apelación sometida a su consideración".

Poco tenemos que añadir al acertado enfoque del tribunal de instancia salvo que Crossroads no recurrió de dicho fallo.

No obstante, ocho meses más tarde, el 13 de abril de 1971, la recurrida instó la demanda de reivindicación que es objeto del presente recurso. En dicha demanda impugnó el título del Estado Libre Asociado sobre la parcela "B" alegando que la dedicación que hizo en el plano de inscripción era nula porque el trazado de la futura prolongación de la Avenida Central—

uso público al que la misma fue dedicada—no aparecía entonces en el 1966, en plano oficial alguno. El tribunal de instancia estuvo de acuerdo con la recurrida y dictó a favor de ella sentencia sumaria concluyendo que el Estado sólo podía requerir la dedicación para uso público cuando el trazado de la carretera constaba en un plano oficial. En consecuencia ordenó que se expidiera mandamiento al Registrador de la Propiedad para que cancelara el título del Estado Libre Asociado sobre la parcela en cuestión y la inscribiera a nombre de la recurrida.

El tribunal de instancia pasó por alto la defensa de *estoppel* y no tomó en consideración el obstáculo procesal que le impedía entrar en los méritos de la impugnación pretendida por la recurrida. Como ya vimos, ésta no cuestionó la dedicación de la parcela "B" requerida por la Junta de Planificación en septiembre de 1966. Más aún, procedió de conformidad reconociendo implícitamente su validez al no valerse de los remedios judiciales que tenía a su disposición para cuestionarla. El *mandamus* y la sentencia declaratoria eran remedios adecuados para plantear directamente en el tribunal de instancia la impugnación que inició colateralmente casi cuatro años más tarde al instar la demanda de reivindicación en este caso. La aprobación del plano de inscripción le permitió a la recurrida vender la parcela "A" a Gem de Puerto Rico, Inc., cuyo valor sin duda alguna, quedaba afectado favorablemente por la futura prolongación de la Avenida Central. Permitirle ahora a la recurrida ir sobre sus propios actos sería contrario a la equidad y al proceso racional, continuo y ordenado de controlar y dirigir el desarrollo urbano.

*Se dictará sentencia revocando la aquí recurrida.*